08-5733-ag
Lin v. Holder

BIA
Burr, IJ
A099 666 389

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:

ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
    <u>Circuit Judges</u>.

_____

HUI LIN,
        <u>Petitioner</u>,

        v.                                08-5733-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
        <u>Respondent</u>.

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates, P.C., New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; M. Lee Quinn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Lin, a native and citizen of the People's Republic of China, seeks review of an October 28, 2008 order of the BIA affirming the October 4, 2007 decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Lin*, No. A099 666 389 (B.I.A. Oct. 28, 2008), *aff'g* No. A099 666 389 (Immig. Ct. N.Y. City Oct. 4, 2007). Because the BIA's decision essentially adopts the IJ's conclusions, we review the decision of the IJ. *See Secaida-Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003), *abrogated in part by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008). We will uphold the factual findings of the IJ so long as they are supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin*

2

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). However, "[w]e review *de novo* questions of law and the [IJ's] application of law to undisputed fact." *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). In applying these standards, we assume the parties' familiarity with the underlying facts and the record of prior proceedings.

1.   <u>Asylum and Withholding of Removal</u>

Under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 307-08 (2d Cir. 2007). Rather, "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.* at 308. Because Lin is not eligible for relief based solely on his girlfriend's forced abortion, he was required to show: "(1) resistance to a coercive family planning policy[;] . . . and (2) that [he] has suffered harm amounting to persecution on account of that resistance." *Id.* at 313 (internal quotation marks omitted); *see also Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 641-42 (BIA 2008).

Even assuming that Lin's pushing a family planning cadre constituted "resistance" to a family planning policy, the IJ

3

properly concluded that Lin was not persecuted on account of those actions. Lin testified that the only harm he suffered as a result of the pushing was that he was arrested and detained for five or six hours. We have held that a brief detention and release, without more, does not constitute persecution. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (upholding the agency's determination that applicant was not eligible for withholding of removal based on a "brief" detention, after which he was released "without harm"). As Lin does not argue that he has a well-founded fear of future persecution on account of his resistance, we discern no error in the IJ's denial of asylum. Moreover, because Lin's claim for withholding of removal is based on the same factual predicate as his asylum claim, his failure to meet his burden for asylum necessarily precludes him from meeting the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

2. <u>CAT Relief</u>

A petitioner is not "entitled to CAT protection based *solely* on the fact that []he is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005)

4

(emphasis in original); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Because Lin failed to submit particularized evidence indicating that he is likely to be tortured upon his return to China and instead produced only generalized evidence concerning the treatment of prisoners in that country, the BIA did not err in concluding that Lin demonstrated no entitlement to CAT relief. *See Mu Xiang Lin*, 432 F.3d at 160.

3.  Conclusion

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

5